IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANICE LTRICE MCLEAN,
    *Appellant*,

v.

SUNNYHILL VENTURES 2020 LLC.,
    *Appellee*

Civil Action No.
24-cv-2061-ABA

**MEMORANDUM OPINION AND ORDER**

Appellant Janice McLean, proceeding *pro se*, appeals the bankruptcy court's June 18, 2024 order denying her Motion to Vacate the Court Order Confirming Absence of Stay. Bankr. D. Md. 24-bk-14990 at No. 18. After the appeal was filed, and after Ms. McLean failed to timely file a bankruptcy plan and other necessary documents, the bankruptcy court dismissed her case based on those failures. Thereafter, this Court issued an order to show cause why her appeal should not be dismissed given the dismissal of the underlying bankruptcy case. As discussed below, because the bankruptcy court did not abuse its discretion in dismissing her case, Ms. McLean's appeal is moot and will be dismissed.

**FACTS**

Ms. McLean, through counsel, filed a Chapter 13 bankruptcy petition on June 12, 2024. *Id*. at No. 1. On June 13, 2024, Appellee Sunnyhill Ventures 2020, LLC filed a Request for Confirmation that the Automatic Stay Is Inapplicable Due to Serial Filings. *Id*. at No. 8. In that request, Sunnyhill stated that, prior to filing her Chapter 13 petition on June 12, 2024, Ms. McLean had filed a bankruptcy case on September 7, 2022, that was dismissed on January 9, 2024, and another on January 25, 2024, that was

dismissed on April 22, 2024. *Id.* Sunnyhill argued that "[p]ursuant to 11 U.S.C.A. § 362(c)(4)(A)(i), the automatic stay is inapplicable if the debtor has had two other cases dismissed within the prior 12 months." *Id.* Thus, Sunnyhill requested that the bankruptcy court "enter an order confirming that no stay is in effect." *Id.* (citing 11 U.S.C. § 362(c)(4)(A)(ii)). On that same day, the bankruptcy court issued an order granting the motion because Ms. McLean was a serial filer, finding that "by operation of 11 U.S.C. § 362(c)(4)(A)(i), there is no automatic stay under 11 U.S.C. § 362(a) in effect." *Id.* at No. 11.

On June 14, 2024, Ms. McLean, through counsel, filed a motion to vacate the bankruptcy court's order confirming the absence of an automatic stay. *Id.* at No. 12. In that motion, Ms. McLean argued that she should not be considered a serial filer because previous counsel had advised her to voluntarily dismiss her September 2022 case and refile it, and that the bankruptcy court dismissed her January 2024 case because Ms. McLean attempted to litigate it *pro se* and missed filing deadlines. *Id.* at No. 12 ¶¶ 1–3. Ms. McLean argued that she did not file her previous two cases "to abuse the bankruptcy system" and that they were "filed in good faith." *Id.* ¶¶ 1 & 4. The bankruptcy court denied the motion to vacate on June 18, 2024, after concluding that "Section 362(c)(4)(A) of the Bankruptcy Code provides no discretion to the Court in determining that the automatic stay does not go into effect upon the filing of a new case where, as here, two prior pending bankruptcy cases were dismissed within the preceding 12 months." *Id.* at No. 18.[1]

---

[1] As explained below, this appeal is moot, and so the Court need and does not reach the question of whether the bankruptcy court erred in denying the motion to vacate. The Court notes, however, that in some circumstances bankruptcy courts do have discretion

2

Thereafter, through counsel, Ms. McLean filed two motions to extend the filing deadlines on June 25, 2025, *id.* at No. 20, and July 8, 2024, *id.* at No. 27. Both were granted by the bankruptcy court. *Id.* at Nos. 21 and 28. Both orders stated that "DEBTOR IS HEREBY NOTIFIED that failure to complete the required filings within the extended time allowed by this Order may result in dismissal of this case." *Id.*

On July 16, 2025, Ms. McLean, acting *pro se*, filed the current appeal of the bankruptcy court's denial of her motion to vacate the order confirming the absence of an automatic stay. *Id.* at No. 30. In the appeal, Ms. McLean seeks appointment of counsel and argues that the automatic stay should apply in her case because she believes she is a victim of predatory lending, that it is unclear to her who her lenders are, that they have not provided her necessary documents regarding her loans, and that they have not offered her any loan modification, forbearance, or mediation, despite her requests. *Id.* Ms. McLean does not argue that the bankruptcy judge's ruling regarding the effect of 11 U.S.C. § 362(c)(4)(A)(ii) was legally incorrect.

On that same day, Ms. McLean's counsel filed in the bankruptcy court a motion to withdraw as counsel noting that Ms. McLean filed the *pro se* appeal and requested *pro bono* counsel, which counsel contended "terminat[ed] the attorney/client relationship." *Id.* at No. 34 ¶ 1. Counsel also asserted, among other things, that Ms. McLean "filed the appeal without notifying counsel and has manifested her intention to

---

to permit an otherwise serial filer to proceed and a stay to take effect—at least so long as "within 30 days after" the successive case is filed, and upon a request being made and "notice and a hearing," the "party in interest demonstrates that the filing of the later case is in good faith." 11 U.S.C. § 362(c)(4)(B).

3

seek other counsel to represent her," and that a "fundamental disagreement exists as to the representation of debtor by undersigned counsel." *Id.* ¶¶ 2–5.

While the motion to withdraw was pending, counsel filed a third motion to extend the filing deadlines. *Id.* at No. 39. The bankruptcy court granted that motion, extending the deadlines to file Ms. McLean's Chapter 13 plan and related documents. *Id.* at No. 40. But the court advised that further "EXTENSIONS WILL NOT BE GRANTED IN THIS CASE WITHOUT A SHOWING OF SUBSTANTIAL JUSTIFICATION FOR THE REQUEST." *Id.*

Ms. McLean did not file the necessary documents by August 5, 2025, and on August 8, 2025, the bankruptcy court dismissed the case for that failure pursuant to 11 U.S.C. § 105(a) and § 1307(c). *Id.* at No. 45. The bankruptcy court also denied the motion to withdraw as moot. *Id.* at No. 46.

On December 2, 2024, this Court ordered Ms. McLean to show cause "why, in light of the dismissal of the underlying bankruptcy case, this appeal should not also be dismissed." ECF No. 6. Ms. McLean responded to the order on December 23, 2024. ECF No. 7. She asserts that, regardless of the fact that this was her third bankruptcy case in a year, "the filing of *any* bankruptcy petition triggers an automatic stay under 11 U.S.C. § 362" and that "[t]he stay's effectiveness is not contingent upon the perfect execution of all initial filing requirements. While these forms are important, their absence does not negate the statutory mandate of the automatic stay." *Id.* at 1. She argues "that the [bankruptcy court] should have treated the filing of the petition as triggering the automatic stay, and then addressed any deficiencies in the schedules through separate orders to compel filing, rather than denying the stay's fundamental protection." *Id.* at 2. Ms. McLean also alleges that she is a victim of predatory lending

4

and that she has been unable to obtain proof of her debt, information on how the debt was calculated, or any offers of foreclosure alternatives from Sunnyhill. *Id.* at 2. Ms. McLean also alleges that her "previous attorney advised dismissal of a prior bankruptcy against the Appellant's wishes." *Id.* She then repeats her assertions that she cannot identify who her lenders are, that they have not provided her with necessary documents, and that they did not offer any sort of mediation or COVID-19 assistance. *Id.* at 2–3.

The Court will first address Ms. McLean's response to the order to show cause. Because the Court concludes that the bankruptcy court did not abuse its discretion in dismissing her case, the appeal is moot. Accordingly, and as noted above (n.1), the Court need not address whether the bankruptcy court erred in denying Ms. McLean's motion to vacate its confirmation of the absence of an automatic stay.

## STANDARD OF REVIEW

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). A district court hearing an appeal from a bankruptcy court applies the same standards of review that a federal court of appeals applies to appeals from district courts. *Paramount Home Ent. Inc. v. Cir. City Stores, Inc.*, 445 B.R. 521, 526–27 (E.D. Va. 2010) (citing *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). District courts review for abuse of discretion any dismissal based on "failure to prosecute," *Cline-Thomas v. Keels*, 742 F. App'x 761 (4th Cir. 2018) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), or "violation of court orders." *Attkisson v. Holder*, 925 F.3d 606, 620 (4th Cir. 2019). A bankruptcy court abuses its discretion in this context if it "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Cline-

5

*Thomas*, 742 F. App'x 761 (quoting *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018)).

## DISCUSSION

A bankruptcy court may dismiss a case for a variety of reasons "after notice and a hearing," including when a debtor fails to timely file a plan. 11 U.S.C. § 1307(c)(3). Ms. McLean had ample notice that missing the deadline to file the required documents could lead to dismissal. After the third extension, she also had notice that no further extensions would be granted absent substantial justification. And although no hearing was held, the phrase "after notice and a hearing" "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; *but . . . authorizes an act without an actual hearing* if such notice is given properly" and "a hearing is not requested timely by a party in interest; or . . . there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act." 11 U.S.C. § 102(1) (emphasis added).

In addition to section 1307, and independently, section 105 gives bankruptcy courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and provides that "no provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The Fourth Circuit has held that section 105 includes the power to dismiss a case *sua sponte*. *In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996); *see* 8 *Collier on Bankruptcy* P 1307.04 (providing that section 105 "presumably would give the court the power to dismiss a case *sua sponte*").

6

Given the bankruptcy court's statutory authority to dismiss cases where the debtor fails to timely file a plan, and given the number of warnings provided to Ms. McLean, the Court concludes that the bankruptcy court did not abuse its discretion in that it did not act "arbitrarily or irrationally," "fail[] to consider" constraints on its "exercise of discretion," or "rel[y] on erroneous factual or legal premises." *Cline-Thomas*, 742 F. App'x 761 (quoting *Dillard*, 891 F.3d at 158).

Because the bankruptcy court did not abuse its discretion in dismissing the case, the Court will dismiss Ms. McLean's appeal.

### ORDER

Upon consideration of Ms. McLean's appeal of the bankruptcy court's order confirming the absence of a stay, it is ORDERED that because the bankruptcy court did not abuse its discretion in dismissing the case after the appeal was taken, the appeal is moot and is DISMISSED. The Clerk of Court is directed to mark this case as CLOSED.

Date: September 9, 2025                              */s/*
                                                    Adam B. Abelson
                                                    United States District Judge